UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRIAN MIMNAUGH,

                 Plaintiff,          15 CV     ( )

          -against-             **COMPLAINT**

RICHARD WEATHERWAX,          **Jury Trial Demanded**

               Defendant.
----------------------------------------------------------X

15 CV 2504

Plaintiff by his attorney Jonathan Lovett, for his complaint respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages proximately resulting from conduct engaged in by Defendant under color of New York State law in violation of Plaintiff's rights as guaranteed by the First and Fourth Amendments to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked in accordance with 28 U.S.C. §§1331, 1343.

### THE PARTIES

3. Plaintiff BRIAN MIMNAUGH is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties.

4. Defendant RICHARD WEATHERWAX, who is sued in his individual capacity only, at all times relevant to this complaint was employed as a member of the New York State Division of State Police in the capacity of a sergeant.

## THE MATERIAL FACTS

5. On Saturday night, January 10, 2015, Plaintiff along with his girlfriend met some friends at Fulgum's Bar on Albany Post Road in Montrose, New York. At or about 12:15 a.m. Plaintiff left the bar accompanied by Jason DiPietro, with a view towards walking across the Road to purchase cigarettes at a gas station.

6. As Plaintiff was crossing the Road he observed a car some distance away moving towards them in a southbound direction. At the time of that observation there was more than sufficient time to get to the gas station before the vehicle got in their proximity.

7. That vehicle then sped up and stopped when Plaintiff arrived at the gas station's parking lot.

8. Defendant exited his marked troop car at which time Plaintiff told Defendant that he had observed him accelerating his vehicle in Plaintiff's direction.

9. Defendant then advised Plaintiff, "you have to come with me", in response to which Plaintiff inquired: "For what?" Defendant did not respond but instead handcuffed Plaintiff's hands behind his back and placed him in the rear of the troop car.

10. Once Plaintiff was in that vehicle he again asked why he had been handcuffed to which Defendant responded: "for jaywalking".

11. Defendant drove to the trooper barracks, uncuffed Plaintiff and advised him: "you can go".

12. As Plaintiff began walking away from Defendant, Plaintiff expressed his opinion to Defendant: "What you did was illegal".

13. In response Defendant instructed Plaintiff: "Now you have to come with me".

14. Plaintiff, without handcuffs, followed Defendant into the barracks and starting filming Defendant with his cellular phone's video component.

15. As they walked into the barracks Plaintiff twice politely asked Defendant for his badge number. The first time Plaintiff made that inquiry Defendant tried to grab Plaintiff's cellular phone from his hand at which time Plaintiff again expressed his opinion: "You can't do that".

16. Defendant then began walking away from Plaintiff and Plaintiff again politely asked for Defendant's badge number and reiterated his opinion that what Defendant had done was illegal.

17. Upon the second request for the Defendant's badge number, Defendant turned towards Plaintiff and advised: "Now you are under arrest".

18. Having said that Defendant quickly approached Plaintiff, struck Plaintiff's phone from his hand, grabbed Plaintiff by his shirt and literally slammed Plaintiff onto the floor of the barracks, face down. Defendant then got on top of Plaintiff, placed his knee onto Plaintiff's back, and elbow onto Plaintiff's neck.

19. Two additional troopers then assisted Defendant in re-handcuffing Plaintiff after which Defendant sat Plaintiff on a bench and handcuffed him to a wall ring.

20. While Plaintiff was on the bench Defendant took Plaintiff's cell phone and attempted, albeit without success, to delete the video Plaintiff had taken with regard to Defendant's conduct.

21. As Defendant was attempting to delete the video Plaintiff repeatedly advised him that what he was doing was illegal.

22. When, at the suggestion of a friend, Plaintiff stopped telling Defendant that his conduct was unlawful, Defendant removed the handcuffs from Plaintiff and told him he was free to go. Plaintiff then departed the barracks without so much as an appearance ticket.

23. As a proximate result of Defendant's conduct Plaintiff was physically injured and suffered *inter alia* a sprained neck, back injuries, knee bruising, facial contusions, in addition to

embarrassment, nervousness, loss of appetite, stomach discomfort, paranoia, humiliation, anxiety, emotional upset, fear, anger, degradation and was otherwise rendered sick and sore.

## AS AND FOR A FIRST CLAIM

24. Repeats and realleges as if fully set forth the factual allegations contained in paragraphs "1" to "23", inclusive.

25. Defendant's placing Plaintiff under arrest, subjecting him to excessive force, and handcuffing him to the wall as a proximate result of Plaintiff's repeated accusations that Defendant was acting illegally violated Plaintiff's right of free speech as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

26. Repeats and realleges as if fully set forth the factual allegations contained in paragraphs "1" to "24", inclusive.

27. Defendant's use of physical force against Plaintiff was both entirely unnecessary and excessive, and violated his rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

28. Repeats and realleges as if fully set forth the factual allegations contained in paragraphs "1" to "27", inclusive.

29. Plaintiff's arrest in the State Police barracks occurred under circumstances where there was no probable cause, no arguable probable cause, Plaintiff was aware of his confinement, did not consent to same, and it was not otherwise privileged.

30. Under the circumstances Defendant's arrest of Plaintiff violated his rights as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE a judgment is respectfully demanded awarding against Defendant compensatory damages, punitive damages, costs, attorney's fees, and such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
February 26, 2015

Jonathan Lovett
Attorney for Plaintiff
305 Old Tarrytown Road
White Plains, N.Y. 10603
914-686-4500
Fax: 914-686-4545
E-mail: jlovett@lovett-law.com