UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN MIMNAUGH,

                Plaintiff,

-against-

RICHARD WEATHERWAX,

                Defendant.

No. 15-cv-2504 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Brian Mimnaugh initiated the instant action against Defendant Richard Weatherwax for claims of excessive force and retaliation arising out of an encounter between Plaintiff and Defendant on January 10, 2015. The Court assumes the parties' familiarity with the facts and procedural history of this matter.

    Presently before the Court is Defendant's motion *in limine* that seeks an order: (1) permitting Defendant to elicit testimony about Plaintiff's prior arrests and incarceration for the purpose of rebutting Plaintiff's claim for emotional damages; (2) precluding Plaintiff from eliciting testimony about the internal investigation conducted by the New York State Police; and (3) precluding Plaintiff from eliciting testimony of any unrelated complaints or lawsuits against Defendant. (ECF No. 17.) For the following reasons, Defendant's motion is GRANTED.

## LEGAL STANDARD

    "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted); *see*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/24/2016

*generally Luce v. United States*, 469 U.S. 38 (1984).  Thus, the Court is called "to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence."  *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005).  Only evidence that is "clearly inadmissible on all potential grounds," *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (internal citations omitted), should be excluded on a motion *in limine*.  Because the Court does not have the benefit of viewing the proposed evidence in the context of trial, a motion *in limine* ruling may be "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant[s'] proffer."  *Paredes*, 176 F. Supp. 2d at 181 (quoting *Luce,* 469 U.S. at 41).

The Court looks to Rules 401, 402, and 403 of the Federal Rules of Evidence to determine whether the contested evidence is admissible at trial.  Under Rule 402, only relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403.  *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

## DISCUSSION

I.      **Testimony Regarding Plaintiff's Prior Arrests and Incarceration**

Defendant seeks to introduce Plaintiff's prior arrests and incarceration to show his lack of emotional trauma or upset resulting from the alleged incident. Plaintiff contends that the probative value of his arrest history is slight given the passage of time between Plaintiff's prior arrests and incarceration and the alleged incident and that such evidence has the potential to greatly prejudice Plaintiff.

"[C]ourts in this Circuit have permitted a limited inquiry into a plaintiff's arrest history where a plaintiff is seeking emotional damages resulting from a false arrest." *Phillips v. City of New York*, 871 F. Supp. 2d 200, 207 (E.D.N.Y. 2012) (citations omitted). This is "[b]ecause a plaintiff 'who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained.'" *Banushi v. Palmer*, No. 08-cv-2937 (KAM) (JO), 2011 WL 13894, at *3 (E.D.N.Y. Jan. 4, 2011), *aff'd*, 500 F. App'x 84 (2d Cir. 2012) (quoting *Wilson v. City of New York*, No. 06-cv-229, 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006)). *See also Nunez v. City of New York*, No. 11-cv-5845 (LTS) (JCF), 2013 WL 2149869, at *10 (S.D.N.Y. May 17, 2013) ("[A] person who has previously been incarcerated may suffer less damage as a result of subsequent wrongful incarceration than a person incarcerated for the first time.") (internal quotations and citations omitted).

In the present case, Plaintiff seeks emotional damages on his false arrest claim. The Court will permit Defendant to question Plaintiff as to (i) whether he was previously arrested and/or incarcerated; (ii) the dates of Plaintiff's prior arrests/incarceration; and (iii) the duration of Plaintiff's incarceration. *See Edwards v. City of New York*, No. 08-cv-2199 (TLM), 2011 WL 2748665, at *4 (E.D.N.Y. July 13, 2011). Questioning is limited strictly to those topics, and

Defendant "will not be permitted to inquire into the nature of the arrests, or ask any other questions related to Plaintiff's prior arrests or convictions." *Phillips*, 871 F. Supp. 2d at 207. The Court finds that the probative value of admitting this limited testimony "is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Picciano v. McLoughlin*, No. 05-cv-0781 (GTS) (GJD), 2010 WL 4366999, at *2 (N.D.N.Y. Oct. 28, 2010), *adhered to in part*, No. 05-cv-0781, 2011 WL 382230 (N.D.N.Y. Feb. 3, 2011) (citing *Ramos v. County of Suffolk*, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010)). Additionally, the Court will issue a limiting instruction to the jury that such evidence is admissible *solely* for the jury's determination of damages for emotional distress. *See Edwards*, 2011 WL 2748665, at *4.

## II.   Testimony Regarding NYSP's Internal Investigation

Defendant seeks an order precluding Plaintiff from eliciting testimony about the internal investigation conducted by the New York State Police. Plaintiff states in his opposition brief that he "has no intention of questioning Defendant about the State Police Investigation conducted on the basis of Plaintiff's internal affairs complaint." (ECF No. 20 at 3.) In light of this representation, the Court need not further address Defendant's request.

## III.   Testimony Regarding Unrelated Complaints and Lawsuits against Defendant

Finally, Defendant seeks an order precluding Plaintiff from eliciting testimony of any unrelated complaints or lawsuits against Defendant. Plaintiff represents in his opposition brief that he "has no intention of eliciting evidence regarding any unrelated complaints and/or lawsuits

against Defendant." (ECF No. 20 at 3.) In light of this representation, the Court need not further address Defendant's request.[1]

## CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* is GRANTED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 17. The parties are directed to appear at the previously scheduled final pretrial conference on June 3, 2016 at 11:00 a.m.

Dated:  May 24, 2016  
        White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge

---

[1] The Court notes that for two of the three issues briefed by Defendant in the motion *in limine*, Plaintiff did not oppose Defendant's position. It is apparent then that Defendant did not meet and confer with Plaintiff prior to filing its motion. The Court encourages the parties to engage in discussions to avoid unnecessary motion practice.